UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,       No. 1:20-cr-189

   v.          Hon Paul L. Maloney
             U.S. District Judge
JAMES ALLEN MOORE,
DENNIS LYNN CARTWRIGHT, JR.,    SUPERSEDING
EILAND KWEST JOHNSON, and     INDICTMENT
MYKAEL LEE BOOKER,

     Defendants.
_____/

   The Grand Jury charges:

## COUNT 1
### (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

   From in or about November 2018 until in or about December 2020, in Kent

County, in the Southern Division of the Western District of Michigan, and elsewhere,

JAMES ALLEN MOORE,
DENNIS LYNN CARTWRIGHT, JR.,
EILAND KWEST JOHNSON, and
MYKAEL LEE BOOKER

knowingly and intentionally combined, conspired, confederated, and agreed with

each other and with other persons known and unknown to the Grand Jury to

distribute and to possess with intent to distribute 500 grams or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

Before JAMES ALLEN MOORE committed the offense charged in this count, he had one or more final convictions for a serious drug felony, namely, (1) Distribution of Cocaine Base, a conviction under 21 U.S.C. § 841(a)(1), on or about February 20, 2008, in the United States District Court for the Eastern District of Michigan, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and (2) Controlled Substance – Delivery/Manufacture, a conviction under Mich. Comp. Laws § 333.7401(2)(a)(iv), on or about July 3, 2013, in the 29th Circuit Court for Gratiot County, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before EILAND KWEST JOHNSON committed the offense charged in this count, he had a final conviction for a serious violent felony, namely, Assault with Intent to Commit Murder, a conviction under Mich. Comp. Laws § 750.83, on or about February 1, 2011, in the Third Circuit Court for Wayne County, for which he served more than 12 months of imprisonment.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 802(57)
21 U.S.C. § 802(58)

## COUNT 2
**(Possession with Intent to Distribute Controlled Substances)**

On or about November 22, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

MYKAEL LEE BOOKER

knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)
21 U.S.C. § 841(b)(1)(C)

## COUNT 3
### (Felon in Possession of Ammunition)

On or about November 22, 2020, in Kent County, in the Southern Division of

the Western District of Michigan,

MYKAEL LEE BOOKER,

knowing he had previously been convicted of one or more crimes punishable by

imprisonment for a term exceeding one year, knowingly possessed eight rounds of .45

caliber Winchester ammunition, and the ammunition was in and affecting commerce.

18 U.S.C. § 922(g)(1)
18 U.S.C. § 921(a)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(e)

## COUNT 4
### (Possession of a Firearm in Furtherance of Drug Trafficking)

On or about November 22, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

MYKAEL LEE BOOKER

knowingly possessed a pistol in furtherance of the drug trafficking crimes of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances and Possession with Intent to Distribute Cocaine, as respectively charged in Counts 1 and 2 of this Superseding Indictment.

18 U.S.C. § 924(c)(1)(A)(i)

## COUNT 5
### (Possession with Intent to Distribute Cocaine)

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

DENNIS LYNN CARTWRIGHT, JR.

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, at his business on Division Avenue.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 6
### (Felon in Possession of Firearms)

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

DENNIS LYNN CARTWRIGHT, JR.,

knowing he had previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, knowingly possessed the following firearms at his residence on Eastern Avenue, and the firearms were in and affecting commerce:

i.   .380 caliber Smith & Wesson Bodyguard pistol (serial number: LAH34048)
ii.  Smith & Wesson 38 Special revolver (serial number: 335173)
iii. .40 caliber Smith & Wesson Springfield Model 4006TSW pistol (serial number: TDS9123).

18 U.S.C. § 922(g)(1)
18 U.S.C. § 921(a)
18 U.S.C. § 924(a)(2)

## COUNT 7
**(Possession with Intent to Distribute Controlled Substances)**

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

### JAMES ALLEN MOORE

knowingly and intentionally possessed with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and 28 grams or more of a mixture of substance containing cocaine base, a Schedule II controlled substance, at his residence on Burton Street.

Before JAMES ALLEN MOORE committed the offense charged in this count, he had one or more final convictions for a serious drug felony, namely, (1) Distribution of Cocaine Base, a conviction under 21 U.S.C. § 841(a)(1), on or about February 20, 2008, in the United States District Court for the Eastern District of Michigan, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense and (2) Controlled Substance – Delivery/Manufacture, a conviction under Mich. Comp. Laws § 333.7401(2)(a)(iv), on or about July 3, 2013, in the 29th Circuit Court for Gratiot County, for which he served more than 12 months of imprisonment and for which he was released from

serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(i)
21 U.S.C. § 841(b)(1)(B)(iii)
21 U.S.C. § 802(57)

## COUNT 8
### (Possession with Intent to Distribute Cocaine)

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

JAMES ALLEN MOORE

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, at his business on Plainfield Avenue.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)

## COUNT 9
### (Possession with Intent to Distribute Controlled Substances)

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

### JAMES ALLEN MOORE

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substances, and marijuana, a Schedule I controlled substance, at his storage unit on Prairie Street.

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)

## COUNT 10
**(Felon in Possession of Firearms)**

On or about December 1, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

JAMES ALLEN MOORE,

knowing he had previously been convicted of one or more crimes punishable by imprisonment for a term exceeding one year, knowingly possessed the following firearms at his storage unit on Prairie Street, and the firearms were in and affecting commerce:

  i.  loaded .223 caliber Windham rifle (serial number: CFO38774)
  ii.  loaded .40 caliber Highpoint pistol (serial number: 7229405)
  iii.  9mm Leinad pistol (no visible serial number).

18 U.S.C. § 922(g)(1)
18 U.S.C. § 921(a)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(e)

## COUNT 11
### (Possession of Firearms in Furtherance of Drug Trafficking)

On or about December 1, 2020, in Kent County, in the Southern Division of

the Western District of Michigan,

JAMES ALLEN MOORE

knowingly possessed the following firearms in furtherance of the drug trafficking

crime of Possession with Intent to Distribute Controlled Substances, as charged in

Count 9 of this Superseding Indictment:

    i.     loaded .223 caliber Windham rifle (serial number: CFO38774)
    ii.    loaded .40 caliber Highpoint pistol (serial number: 7229405)
    iii.   9mm Leinad pistol (no visible serial number).

18 U.S.C. § 924(c)(1)(A)(i)

## COUNT 12
### (Conspiracy to Commit Concealment Money Laundering)

From in or about November 2018 until in or about December 2020, in Kent County and Allegan County, in the Southern Division of the Western District of Michigan, and elsewhere,

JAMES ALLEN MOORE and
DENNIS LYNN CARTWRIGHT, JR.

knowingly combined, conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 as alleged in Count 1 of the Superseding Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. §§ 1956(c)(1) (2), (3), (4), (7), (9)

<u>COUNT 13</u>
**(Concealment Money Laundering and Aiding and Abetting Concealment Money Laundering)**

On December 3, 2018, in Kent County, in the Southern Division of the Western District of Michigan,

**JAMES ALLEN MOORE**
**and DENNIS LYNN CARTWRIGHT, JR.**

knowingly conducted and attempted to conduct, and aided and abetted the conducting and attempted conducting of, a financial transaction (identified as transaction #77175556961 associated with the Auto Den bank account at JP Morgan Chase) affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 as alleged in Count 1 of the Superseding Indictment , knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction and aiding and abetting the same, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.


18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(c)(1), (2), (3), (4), (7), (9)
18 U.S.C. § 1956(b)(1)
18 U.S.C. § 2

## COUNT 14
### (Concealment Money Laundering and Aiding and Abetting Concealment Money Laundering)

On November 19, 2019, in Kent County, in the Southern Division of the Western District of Michigan,

### JAMES ALLEN MOORE and
### DENNIS LYNN CARTWRIGHT, JR.

knowingly conducted and attempted to conduct, and aided and abetted the conducting and attempted conducting of, a financial transaction (identified as deposit #1067588587 associated with the Car Genie bank account at JP Morgan Chase) affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 as alleged in Count 1 of the Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.


18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(c)(1), (2), (3), (4), (7), (9)
18 U.S.C. § 1956(b)(1)
18 U.S.C. § 2

## COUNT 15
### (Concealment Money Laundering and Aiding and Abetting Concealment Money Laundering)

On February 26, 2020, in Kent County, in the Southern Division of the Western District of Michigan,

JAMES ALLEN MOORE and DENNIS LYNN CARTWRIGHT, JR.

knowingly conducted and attempted to conduct, and aided and abetted the conducting and attempted conducting of, a financial transaction (identified as deposit # 1905877578 associated with the Car Genie bank account at JP Morgan Chase) affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, the conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846 as alleged in Count 1 of the Superseding Indictment, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(c)(1), (2), (3), (4), (7), (9)
18 U.S.C. § 1956(b)(1)
18 U.S.C. § 2

## FORFEITURE ALLEGATION
### (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine)

The allegations contained in Count 1 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846 set forth in Count 1 of this Superseding Indictment,

> JAMES ALLEN MOORE,
> DENNIS LYNN CARTWRIGHT, JR.,
> EILAND KWEST JOHNSON, and
> MYKAEL LEE BOOKER,

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.  The property to be forfeited includes, but is not limited to, the following:

A.   The following items seized from JAMES ALLEN MOORE's business on December 1, 2020:

    i.   $3,137 U.S. currency; and
    ii.   Dodge Ram 3500 pickup truck (VIN: 3C63RRGL9GG227093).

B.   The following items seized from JAMES ALLEN MOORE's residence on December 1, 2020:

    i.   $6,850 U.S. currency; and
    ii.   Audi A8 sedan (VIN: WAUJGAFD6FN011688).

C.   The following items seized from DENNIS LYNN CARTWRIGHT JR.'s residence on December 1, 2020:

    i.   $58,577.00 U.S. currency;
    ii.   2015 Polaris Slingshot (VIN: 57XAASFA9F5103661; and
    iii.   Exmark Radius E52 Zero Turn lawnmower (serial number: 404730639).

D.   The following items seized from EILAND KWEST JOHNSON's residence on November 30, 2020:

    i.   $4,044 U.S. currency,
    ii.   gold and silver Rolex watch, and
    iii.   Audemars Piguet watch;

E.   $1575.00 U.S. currency seized from MYKAEL LEE BOOKER's residence on November 22, 2020;

F.   The following funds seized from JP Morgan Chase bank accounts on December 1, 2020:

    i.   $7,710.43 from K&J Muffler account (account number ending in 5926);
    ii.   $592.66 from JAMES ALLEN MOORE's personal account (account number ending in 2556);
    iii.   $99.54 from Car Genie bank account (account number ending in 9950);
    iv.   $31,091.28 from the Auto Den bank account (account number ending in 3608); and
    v.   $32,154.94 from Cartwright Construction account (account number ending in1662).

If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

19

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without

        difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(a)
21 U.S.C. § 853(p)
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)

**FORFEITURE ALLEGATION**
**(Possession with Intent to Distribute Controlled Substances)**

The allegations contained in Count 2 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841(a)(1) set forth in Count 2 of this Superseding Indictment,

MYKAEL LEE BOOKER

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to: $1575.00 U.S. currency seized from his residence on November 22, 2020.

21 U.S.C. § 853(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(ii)

## FORFEITURE ALLEGATION
### (Felon in Possession of Ammunition)

The allegations contained in Count 3 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 922(g)(1) set forth in Count 3 of this Superseding Indictment,

MYKAEL LEE BOOKER

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any ammunition involved in or used in the offense, including, but not limited to, eight rounds of .45 caliber Winchester ammunition.

18 U.S.C. § 924(d)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION
### (Possession with Intent to Distribute Cocaine)

The allegations contained in Count 5 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841(a)(1) set forth in Count 5 of this Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to: $58,577.00 U.S. currency seized from his residence on December 1, 2020.

21 U.S.C. § 853(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)

## FORFEITURE ALLEGATION
### (Felon in Possession of Firearms)

The allegations contained in Count 6 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 922(g)(1) set forth in Count 6 of this Superseding Indictment,

DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the offense, including, but not limited to, a .380 caliber Smith & Wesson Bodyguard pistol (serial number: LAH34048), a Smith & Wesson 38 Special revolver (serial number: 335173), and a .40 caliber Smith & Wesson Springfield Model 4006TSW pistol (serial number: TDS9123), and associated ammunition.

18 U.S.C. § 924(d)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION
### (Felon in Possession of Firearms and Possession of Firearms in Furtherance of Drug Trafficking)

The allegations contained in Counts 10 and 11 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

Upon conviction of either of the offenses in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c)(1)(A)(i) set forth in Counts 10 and 11 of this Superseding Indictment,

### JAMES ALLEN MOORE

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the offense, including, but not limited to, a .223 caliber Windham rifle (serial number: CFO38774), a .40 caliber Highpoint pistol (serial number: 7229405), a 9mm Leinad pistol (no visible serial number), and associated ammunition.

18 U.S.C. § 924(d)(1)
28 U.S.C. § 2461(c)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(c)(1)(A)(i)

25

## FORFEITURE ALLEGATION
### (Possession with Intent to Distribute Controlled Substances & Possession with Intent to Distribute Cocaine)

The allegations contained in Counts 7, 8 and 9 of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 841(a)(1) set forth in Counts 7, 8 and 9 of this Superseding Indictment,

JAMES ALLEN MOORE

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to:

      i.      $3,137 U.S. currency seized from his business on December 1, 2020; and
     ii.      $6,850 seized from his residence on December 1, 2020.

21 U.S.C. § 853(a)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)(i)
21 U.S.C. § 841(b)(1)(B)(iii)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)

## FORFEITURE ALLEGATION
### (Conspiracy to Commit Concealment Money Laundering)

The allegations contained in Count 12 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956(h) set forth in Count 12 of this Superseding Indictment,

JAMES ALLEN MOORE and
DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

A. The following items seized from JAMES ALLEN MOORE's business on December 1, 2020:

    i. $3,137 U.S. currency; and
    ii. Dodge Ram 3500 pickup truck (VIN: 3C63RRGL9GG227093).

B. The following items seized from JAMES ALLEN MOORE's residence on December 1, 2020;

    i. $6,850 U.S. currency; and
    ii. Audi A8 sedan (VIN: WAUJGAFD6FN011688).

C. The following items seized from DENNIS LYNN CARTWRIGHT, JR.'s residence on December 1, 2020:

    i. $58,577.00 U.S. currency;
    ii. 2015 Polaris Slingshot (VIN: 57XAASFA9F5103661); and
    iii. Exmark Radius E52 Zero Turn lawnmower (serial number: 404730639).

D.      The following funds seized from JP Morgan Chase bank accounts on

December 1, 2020:

    i.      $7,710.43 from K&J Muffler account (account number ending in 5926);

    ii.     $592.66 from JAMES ALLEN MOORE's personal account (account number ending in 2556);

    iii.   $99.54 from Car Genie bank account (account number ending in 9950);

    iv.   $31,091.28 from the Auto Den bank account (account number ending in 3608); and

    v.     $32,154.94 from Cartwright Construction account (account number ending in1662).

If any of the property described above, as a result of any act or omission of the

defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b)(1) and Title 28, United States Code, Section

2461(c).

18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(b)(1)
21 U.S.C. § 853(p)
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)

## FORFEITURE ALLEGATION
### (Concealment Money Laundering and Aiding and Abetting Concealment Money Laundering)

The allegations contained in Count 13 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956(a)(1)(B)(i) set forth in Count 13 of this Superseding Indictment,

JAMES ALLEN MOORE
and DENNIS LYNN CARTWRIGHT, JR.

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to the following funds seized from JP Morgan Chase bank accounts on December 1, 2020:

   i.     $99.54 from Car Genie bank account (account number ending in 9950);

  ii.     $31,091.28 from the Auto Den bank account (account number ending in 3608).

18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(b)(1)
21 U.S.C. § 853(p)
18 U.S.C. § 1956(a)(1)(B)(i)

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
JONATHAN ROTH
KRISTIN M. PINKSTON
Assistant United States Attorney