UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                  CASE NO. 1:20-cr-189

v.

                                  HON. ROBERT J. JONKER

DENNIS LYNN CARTWRIGHT, JR. and
MYKAEL LEE BOOKER,

       Defendants.
                                         /

**<u>ORDER</u>**

Until earlier this week, all defendants except defendant Cartwright had resolved their cases by plea. Defendant Cartwright was proceeding to trial, but the Court had not scheduled a final pretrial conference or trial date for him pending resolution of a government appeal from a discovery Order entered by Magistrate Judge Kent. Based on information received from counsel today, it appears likely that the government and defendant Cartwright will reach an agreed resolution on the discovery issue that moots the appeal. That, in turn, will allow the Court to set final pretrial and trial dates after receiving input from the parties on the time necessary to complete trial preparation.

Earlier this week, however, there was another change in the posture of the overall case that may well affect the timing of final pretrial conference and trial. In particular, the Court permitted defendant Booker to withdraw his guilty plea to Counts 2 and 4 of the Superseding Indictment. The government indicated it expects to seek dismissal of Count 2, but expects to proceed on Count 4, a Section 924(c) charge. In addition, the government indicated it would consider seeking a second superseding indictment charging Mr. Booker with a new distribution offense. If the government

follows through on either or both of these intentions, defendant Booker will also need to be consulted on the timing of a final pretrial conference and trial.[1]

Because the government and defendant Cartwright appear close to resolving the appeal by agreement, the Court **CANCELS** the provisional hearing currently set for September 27 at 11:00 a.m. Instead, the Court schedules a Rule 17.1 Pretrial conference for **October 7, 2021 at 2:00 p.m.** during which the Court will discuss scheduling issues with the parties.[2] Not later than **October 4, 2021**, the parties shall file a Joint Status Report indicating each party's position on when that party expects to be ready for trial. The Court will expect both counsel and the parties at the Pretrial Conference to ensure that any necessary waivers of Speedy Trial Act deadlines are of record.

**IT IS SO ORDERED**.

DATED:  September 24, 2021             /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant Booker's convictions by guilty plea to Counts 1 and 3 remain in effect. Count 3 is an ACCA conviction that carries a mandatory minimum 15-year term of imprisonment and a maximum of life in prison. That, along with the conviction on the Count 1 drug conspiracy would appear to expose defendant to full accountability at sentencing for all his relevant conduct in the case, albeit without a guaranteed 5-year minimum consecutive term under Section 924(c) stacked on top of the ACCA term. It remains possible that both parties will find it in their interest to resolve the case involving defendant Booker without trial.

[2] In addition, if for some reason the appeal is not formally mooted by that time, the Court can address the appeal during the same hearing.