AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-vs-<br><br>DENNIS LYNN CARTWRIGHT, JR. | JUDGMENT IN A CRIMINAL CASE<br><br>Case Numbers:  1:20-cr-189-2 & 1:21-cr-69-3<br><br>USM Number: 19783-509<br><br>Richard E. Zambon<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to Count Eight of the Superseding Indictment in Case No. 1:21-cr-69-3.

☐ pleaded nolo contendere to Count(s) _____ , which was accepted by the court.

☒ was found guilty on Counts One, Four, Five, and Six of the Third Superseding Indictment in Case No. 1:20-cr-189-2 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Offense Ended | Count |
|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(ii), (b)(1)(C) and (b)(1)(D)<br>Conspiracy to Distribute and Possess with Intent to Distribute Cocaine | December 1, 2020 | One (1:20-cr-189-2) |
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(C)<br>Possession with Intent to Distribute Cocaine | December 1, 2020 | Four (1:20-cr-189-2) |
| 18 U.S.C. §§ 922(g)(1), 921(a) and 924(a)(2)<br>Felon in Possession of Firearms | December 1, 2020 | Five (1:20-cr-189-2) |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)<br>Possession with Intent to Distribute Marijuana | December 1, 2020 | Six (1:20-cr-189-2) |
| 18 U.S.C. § 1957<br>Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity | December 31, 2020 | Eight (1:21-cr-69-3) |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ The Indictment, Superseding Indictment, and Second Superseding Indictment in Case No. 1:20-cr-189-2, and the Indictment and Counts Three, Nine, and Ten of the Superseding Indictment in Case No. 1:21-cr-69-3 are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: January 10, 2023

Dated: January 10, 2023

/s/ Jane M. Beckering
JANE M. BECKERING
UNITED STATES DISTRICT JUDGE

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case
Judgment – Page 2
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **NINETY-SEVEN (97) MONTHS** as to each of Counts One, Four, and Five in Case No. 1:20-cr-189-2, **SIXTY (60) MONTHS** as to Count Six in Case No. 1:20-cr-189-2, and **SIXTY (60) MONTHS** as to Count Eight in Case No. 1:21-cr-69-3, all to run concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

1. that the defendant be screened for the 500-hour Residential Drug Abuse Program and participate in the program if deemed qualified;
2. that the defendant receive a physical health evaluation and be given treatment as needed; and
3. that the defendant be placed in a correctional facility as close as possible to his family in or near the State of Michigan.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2:00 P.M. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
    Deputy United States Marshal

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case
Judgment – Page 3
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FOUR (4) YEARS** as to Count One in Case No. 1:20-cr-189-2, **THREE (3) YEARS** as to each of Counts Four, Five, and Six in Case No. 1:20-cr-189-2, and **THREE (3) YEARS** as to Count Eight in Case No. 1:21-cr-69-3, all to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer.

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

<u>AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case</u>
Judgment – Page 4
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case
Judgment – Page 5
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

4. You must provide the probation officer with your monthly cellular and home telephone bills with each monthly report form and must report any cellular telephone you have used or own on each report form.

AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case
Judgment – Page 6
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Fine** | **Restitution** | **AVAA Assessment**[*] | **JVTA Assessment**[**] |
|---|---|---|---|---|
| **$500.00**<br>($100.00 per count) | Waived | **$329,714.00**<br>(Case No. 1:21-cr-69-3) | -0- | -0- |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**[***] | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| MBE Capital Partners, LLC<br>1 Bridge Plaza North<br>Suite 950<br>Fort Lee, NJ 07024 | $329,714.00 | $329,714.00 | |
| **TOTALS** | $329,714.00 | $329,714.00 | |

☐ Restitution amount ordered pursuant to plea agreement.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the fine.

  ☒ the interest requirement is waived for the restitution.

  ☐ the interest requirement for the fine is modified as follows: _____

  ☐ the interest requirement for the restitution is modified as follows: _____

---

[*] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[**] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[***] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

<u>AO 245B (MIWD Rev. 12/16)- Judgment in a Criminal Case</u>
Judgment – Page 7
Defendant: DENNIS LYNN CARTWRIGHT, JR.
Case Number: 1:20-cr-189-2 & 1:21-cr-69-3

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of **$500.00** due immediately, balance due
  ☐ not later than _____, or
  ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with C, D, or F below); or

C ☐ Payment in equal _____ installments of $_____ over a period of _____, to commence _____ after the date of this judgment; or

D ☐ Payment in equal _____ installments of $_____ over a period of _____, to commence _____ after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:
Any balance due upon incarceration must be paid in minimum quarterly installments of $25.00 based on IFRP participation, or minimum monthly installments of $20.00 based on UNICOR earnings, during the period of incarceration, to commence 60 days after the date of this judgment. Any balance due upon commencement of supervision must be paid, during the term of supervision, in minimum monthly installments of $100.00, to commence 60 days after release from imprisonment. The defendant must apply all monies received from income tax refunds, lottery winnings, judgments, and or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligations.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan N.W., Grand Rapids, MI 49503, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Jemar Ahton Mason (1:21-cr-69-1);<br>David Kurbanov (1:21-cr-69-2);<br>Andre Jackson (1:21-cr-69-4); and<br>James Williams (1:21-cr-69-5) | $329,714.00 | $329,714.00 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

$58,577.00 U.S. currency; 2015 Polaris Slingshot (VIN: 57xaasfa9f5103661); and Exmark Radius E52 Zero Turn lawnmower (serial number: 404730639).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.