UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DENNIS LYNN CARTWRIGHT, JR.,

    Defendant.
_____/

Case No. 1:20-cr-189-2

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Dennis Lynn Cartwright, Jr.'s pro se Motions for Sentence Reduction, 18 U.S.C. § 3582(c)(2), Pursuant to Amendment 821 and for Appointment of Counsel (ECF Nos. 365 & 368). For the following reasons, the Court denies the motions.[1]

Following a jury trial, Defendant was found guilty of Counts One, Four, Five, and Six of the Third Superseding Indictment (4/21/2022 Verdict, ECF No. 244). He was found not guilty of Counts Seven and Eight of the Third Superseding Indictment (*id.*). His sentencing guidelines range was 97 to 121 months' imprisonment (Pre-Sentence Report [PSR, ECF No. 305, filed under restricted access] ¶ 187). On January 10, 2023, this Court sentenced Defendant to 97 months' imprisonment as to Counts One, Four, and Five; and 60 months' imprisonment as to Count Six (Judgment of Sentence, ECF No. 316).

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

In August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect.  On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective.  Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A.  United States Sentencing Guideline (U.S.S.G.) § 4A1.1.  Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors.  U.S.S.G. § 4C1.1.

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence, indicating that he was scored as "having zero criminal history points" (ECF No. 368 at PageID.5141).  Pursuant to this Court's Order, the Probation Office prepared a Report of Eligibility, indicating that Defendant is not eligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) because he received criminal history points and did not receive status points (ECF No. 371).  *See* PSR ¶ 151 (assessing one criminal history point); *see also* 1/10/2023 Sent. Tr. [ECF Nos. 323 & 324] at 23 (agreeing with computation).  Defendant did not thereafter file any objection to the Report of Eligibility.

The Court agrees that Defendant's guideline range would not be lowered as a result of the amendment to the guidelines.  Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."  Defendant's motion therefore fails at the first step of the analysis, and the Court does not reach the § 3553(a) factors.  *See generally United*

*States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (indicating that § 3582(c) establishes a "two-step inquiry") (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motions for Sentence Reduction, 18 U.S.C. § 3582(c)(2), Pursuant to Amendment 821 and for Appointment of Counsel (ECF Nos. 365 & 368) are DENIED.

Dated:  March 31, 2025                                                   /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge